CASE NO. 24-2626

# United States Court of Appeals for the Ninth Circuit

Gopher Media, LLC dba Doctor Multimedia and Ajay Thakore

*Plaintiffs, Counter-Defendants, and Appellants,*

v.

Andrew Melone and AGFM Family Enterprises, LLC dba American Pizza Manufacturing

*Defendants, Counterclaimants, and Appellees.*

Appeal from the United States District Court,
Southern District of California, Case No. 3:21-CV-01909-RBM-VET,
Hon. Ruth Bermudez Montenegro, U.S. District Judge

## APPELLEES' SUPPLEMENTAL BRIEF

SOLOMON WARD SEIDENWURM & SMITH, LLP
Daniel E. Gardenswartz
Owen M. Praskievicz
401 B Street, Suite 1200
San Diego, California 92101
Telephone: 619.231.0303
Facsimile: 619.231.4755

Attorneys for Appellees Andrew Melone and AGFM Family
Enterprises, LLC, erroneously sued as American Pizza Manufacturing, aka
American Pizza MFG

## **TABLE OF CONTENTS**

I.      Brief in Summary ................................................................1

II.     En Banc Review is Unnecessary and Damaging to Appellees .......................4

III.    Should this Court Consider En Banc Review, Appellees Take No Position as to Whether California's Anti-SLAPP Statute Applies in Federal Court........6

IV.     Given the Potential for Litigants to Delay Trial, the Denial of a Motion to Strike Under California's Anti-SLAPP Statute Should Not Be Immediately Appealable Under the Collateral Order Doctrine ...........................................8

V.      Should The Court Uphold Precedent Allowing the Denial of an Anti-SLAPP Motion To Be Immediately Appealable, Defendants Should Be Required to Post a Bond on Appeal ...............................................................13

VI.     If This Matter Is Considered for En Banc Review, Appellees Request Leave to Request that Appellants Post a Bond .......................................14

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apostol v. Gallion*,
    870 F.2d 1334, 1339 (7th Cir. 1989) ...................................................15

*Azizian v. Federated Dep't Stores, Inc.*,
    499 F.3d 950 (9th Cir. 2007) ...............................................................13

*Baker v. Meiling*,
    No. 22-15503, 2024 U.S. App. LEXIS 10732 (9th Cir. May 2,
    2024) ......................................................................................................14

*Barker v. Wingo*,
    407 U.S. 514 (1972).................................................................................5

*Batzel v. Smith*,
    333 F.3d 1018 (9th Cir. 2003) ....................................................2, 7, 10

*Carbone v. Cable News Network, Inc.*,
    910 F.3d 1345 (11th Cir. 2018) ...........................................................11

*CoreCivic, Inc. v. Candide Grp., LLC*,
    46 F.4th 1136 (9th Cir. 2022) ................................................................6

*In re County of Orange*,
    784 F.3d 520 (9th Cir. 2015) .................................................................7

*Flo & Eddie, Inc. v. Pandora Media, LLC*,
    No. 20-56134, 2022 U.S. App. LEXIS 15281, at *6-9 (9th Circ.
    June 2, 2022)....................................................................................2, 11

*Intercon Sols., Inc. v. Basel Action Network*,
    969 F. Supp. 2d 1026 (N.D. Ill. 2013), aff'd, 791 F.3d 729 (7th Cir.
    2015) ....................................................................................................11

*Los Lobos Renewable Power, LLC v. Americulture, Inc.*,
    885 F.3d 659 (10th Cir. 2018) .............................................................11

*Makaeff v. Trump University, LLC*,
   736 F.3d 1180, 1190-92 (9th Cir. 2013)............................................................10

*Marks v. Clarke*,
   102 F.3d 1012, 1017 n.8 (9th Cir. 1996) ....................................................14, 15

*Martinez v. Zoominfo Techs., Inc.*,
   90 F.4th 1042 (9th Cir. 2024) ...........................................................................4

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*,
   413 P.3d 650 (Cal. 2018)....................................................................................3

*Owino v. CoreCivic, Inc.*,
   2024 U.S. Dist. LEXIS 83291 (S.D. Cal. May 3, 2024) ....................................5

*Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*,
   890 F.3d 828 ..........................................................................................7, 9, 10, 11

*Salveson v. Kessler*,
   No. 22-55472, 2023 U.S. App. LEXIS 7418, at *5 (9th Cir. Mar.
   29, 2023) ...........................................................................................................12

*SolarCity Corp. v. Salt River Project Agric. Improvement & Power
   Dist.*,
   859 F.3d 720 (9th Cir. 2017) .............................................................................9

*Travelers Cas. Ins. Co. of Am. v. Hirsh*,
   831 F.3d 1179 (9th Cir. 2016) (Kozinski, J., concurring) ...............................12

*United States v. Heredia*,
   483 F.3d 913 (9th Cir. 2007) (en banc) .............................................................4

*In re Westwood Plaza N.*,
   889 F.3d 975 (9th Cir. 2018) ...........................................................................15

*Will v. Hallock*,
   546 U.S. 345, 126 S. Ct. 952, 163 L. Ed. 2d 836 (2006) ..................................9

**Statutes**

Cal. Civ. Proc. Code § 425.16 .................................................................................2

Cal. Civ. Proc. Code § 425.16(i)'s...........................................................................8

Cal. Civ. Proc. Code § 425.16(c)(1) ...................................................3, 13

Cal. Civ. Proc. Code § 425.16(f) ..............................................................9

Cal. Civ. Proc. Code § 425.16(f)'s.............................................................7

Fed. R. App. P. 7...............................................................................3, 13, 14

Fed. R. App. P. 12 12............................................................................8

Fed. R. App. P. 12(b)(6)..........................................................................7

Fed. R. App. P. 35(a) ............................................................................4

Fed. R. App. P. 38.............................................................................3, 14

Fed. R. App. P. 56................................................................................7

# I.

## Brief in Summary

Appellees Andrew Melone and AGFM Family Enterprises, LLC dba American Pizza Manufacturing ask this Court to decline en banc review on either of the questions presented in its order for supplemental briefing. Dkt. 49. Even if en banc review provides an opportunity to address precedent that has allowed the types of abuses of California's anti-SLAPP law exhibited by Appellants Gopher Media, LLC and Ajay Thakore in this case, en banc review here will only further reward Appellants' behavior by (a) costing Appellees yet more costs and attorneys' fees on appeal; (b) prolonging trial while exacerbating the witness availability issues raised in Appellees' motion to expedite this appeal; and (c) potentially give Appellants yet another bite at the apple to reargue their meritless motion.

The record, briefing, and oral argument in this appeal provide abundant support to affirm the district court's denial of Appellants' anti-SLAPP motion. Because Appellants' speech and conduct at issue were not brought in the public interest, and because Appellants have forfeited at least some of their anti-SLAPP claims, the suggested en banc review at most concerns alternative grounds for the same outcome—denial of Appellants' appeal—which this Court need not reach.

Should this Court nonetheless seek en banc review to consider (1) whether California's anti-SLAPP statute applies in federal court, and (2) whether the denial of a motion to strike under California's anti-SLAPP statute is immediately

appealable under the collateral order doctrine, Appellees do not advocate strongly as to how an en banc panel should rule. As to the application of California's anti-SLAPP statute in federal court, Appellees take no position. The statute is well intended and, when appropriately used, provides important protections to prevent litigation from chilling protected speech. Cal. Civ. Proc. Code § 425.16. Appellees defer to the well-documented public policy behind the statute, as well as this Court's precedent that, under the *Erie* doctrine, the statute provides substantive immunities from suit. *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003).

As to the immediate appealability of the statute in federal court, Appellees agree with Judge Bress' concurrence in *Flo & Eddie, Inc. v. Pandora Media, LLC*, explaining why the statute's automatic right to interlocutory appeal conflicts with the collateral order doctrine, a problem that has created an environment where defendants, like Appellants here, can stop a case dead in its tracks at any stage of litigation in order to argue the merits of their claims on appeal before trial. No. 20-56134, 2022 U.S. App. LEXIS 15281, at *6-9 (9th Cir. June 2, 2022) (Bress, J., concurring). This problem persists in no small part due to this Court's precedent that the statute's requirement that anti-SLAPP motions be filed within 60 days is incompatible with the federal rules of civil procedure. Absent the statutory mechanism to incentivize early resolution of these motions, the utility of the anti-SLAPP statute is diminished because at that point "[i]t is far too late for the anti-

SLAPP statute to fulfill its purpose of resolving the case promptly and inexpensively." *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 413 P.3d 650, 655 (Cal. 2018) ("An anti-SLAPP motion is not a vehicle for a defendant to obtain a dismissal of claims in the middle of litigation; it is a procedural device to prevent costly, unmeritorious litigation at the initiation of the lawsuit.")

To the extent an en banc panel upholds this Court's precedent that the right to an immediate appeal of an anti-SLAPP motion should be afforded the protections of an immunity claim not subject to the collateral order doctrine, the Court may wish to consider an alternative mechanism to deter the misuse of interlocutory appeals in the future—requiring defendants like Appellants to post a bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure. In the event it is determined after appeal that the defendant's anti-SLAPP motion was "frivolous or is solely intended to cause unnecessary delay," a bond would provide security for plaintiffs to recover their attorneys' fees and costs. Cal. Code Civ. Proc. § 425.16(c)(1); Fed. R. App. P. 38.

Should this Court vote for en banc review, Appellees ask for leave to request that Appellants post a bond for Appellees' attorneys' fees and costs on appeal. Appellees also request that the Court consider the expedited nature of this appeal to

limit the scope of review to the two questions presented and to accelerate the schedule for review as much as possible.

## II.

### En Banc Review is Unnecessary and Damaging to Appellees

Appellees acknowledge that in *Martinez v. Zoominfo Techs., Inc*., 90 F.4th 1042 (9th Cir. 2024), en banc review was granted to consider the two questions this Court is now considering for review in this case. Given that en banc review "is not favored," Fed. R. App. P. 35(a), and this Court does not "lightly" overturn its precedent, *United States v. Heredia*, 483 F.3d 913, 918 (9th Cir. 2007) (en banc), Appellees understand that there is substantial interest among Ninth Circuit judges to evaluate its decades of precedent holding that California's anti-SLAPP law applies in federal court and that denials of California anti-SLAPP motions are immediately appealable under the collateral-order doctrine.

But such weighty questions need not be decided in *this* case. This Court granted Appellees' motion to expedite this appeal on June 18, 2024. Dkt. 25. Appellees moved to expedite because, after Appellants filed multiple lawsuits against Appellees' trial witnesses in the course of this litigation, any further delay in trial will prejudice Appellees' case by worsening the witnesses' willingness to testify at trial. Dkt. 20. As the Supreme Court has recognized in the criminal context, "[d]elay is not an uncommon defense tactic. As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or

their memories may fade. If the witnesses support the prosecution, its case will be weakened, sometimes seriously so. And it is the prosecution which carries the burden of proof." *Barker v. Wingo*, 407 U.S. 514, 521 (1972); *see also Owino v. CoreCivic, Inc.*, 2024 U.S. Dist. LEXIS 83291, *9 (S.D. Cal. May 3, 2024) (denying motion to stay the case in its entirety as "the Court is concerned regarding the impact of continued delay on [e]vidence, witness availability, and memory concerning the pertinent time frame.")

Critically, Appellees' answering brief and oral argument dictate only one result on appeal: the affirmance of the district court's order denying Appellants' motion. Of the two questions that this Court is considering for en banc review, neither question is pertinent to the determination of the issues presented on appeal. In the context of Thakore's dispute with Appellees over parking spaces, for example, there should be no question that Appellants were not pursuing a "public interest" when Gopher Media employees posted hundreds of false online reviews about American Pizza Manufacturing or when Thakore falsely accused Appellees on social media of making racist statements and abusing dogs.

Because the current panel has not yet issued its opinion on the appeal, it is not clear to Appellees if en banc review will also allow Appellants another opportunity to reargue the full merits of their case before a different panel of judges. In such a scenario, Appellants only stand to benefit from en banc review

where they can recalibrate their approach to questions they were unable to answer at the oral argument before the current panel, such as "Is it true that the owner of the APM pizza store kicks handicapped dogs?"

Notwithstanding the effects of delay on Appellees' witnesses, the additional expense of a prolonged appeal will further add to the significant attorneys' fees and cost Appellees have incurred defending Appellants' frivolous anti-SLAPP motion. Appellees' interests lie in returning to the district court as quickly as possible so they may prove their case at trial and ask this Court to reject en banc review.

### III.

### Should this Court Consider En Banc Review, Appellees Take No Position as to Whether California's Anti-SLAPP Statute Applies in Federal Court

Appellees recognize that anti-SLAPP motions, when utilized as intended, can perform an important function in safeguarding against the misuse of legal proceedings to silence First Amendment rights and afford defendants a right not to be subject to the burdens of litigation if certain standards are met. On public policy grounds, preserving California's anti-SLAPP in federal court may, if nothing else, help avoid incentivizing plaintiffs to evade anti-SLAPP scrutiny by forum shopping California-law claims in federal court.

To this end, this Court's precedent has held that, under the *Erie* doctrine, California's anti-SLAPP statute applies in federal court because it does not answer the same question as, or directly collide with, any federal rule. *CoreCivic, Inc. v.*

*Candide Grp., LLC*, 46 F.4th 1136, 1142-43 (9th Cir. 2022). For example, the Court has explained that the anti-SLAPP law's probability-of-success standard accords with federal procedural rules: Where an anti-SLAPP motion to strike is based on legal sufficiency, Rule 12(b)(6) standards govern; where there is a challenge based on factual sufficiency, Rule 56 standards govern. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018). Where there is no "direct collision" between the state law and a federal rule, courts look to whether the state law is "substantive or procedural" by examining *Erie's* "core policies" and whether applying state law would be "outcome determinative," encourage forum shopping, or lead to inequitable administration of the law. *In re County of Orange*, 784 F.3d 520, 527-28 (9th Cir. 2015). Because the anti-SLAPP law is, like qualified immunity or double-jeopardy protections, in the "nature of immunity," it may be considered "substantive" for *Erie* purposes. *Batzel*, 333 F.3d at 1025-26.

The problem, of course, is that at least two central features of California's anti-SLAPP law *do* collide with federal rules. This Court has held that California Code of Civil Procedure section 425.16(f)'s requirement that the motion may be filed within 60 days of the service of the complaint collides with the federal rules allowing motions under Rule 56 to be brought after the close of all discovery or later if set by court order. *Planned Parenthood*, 890 F.3d at 833-34. Likewise, as

explained below, Section 425.16(i)'s right to an interlocutory appeal appears to collide with the federal collateral order doctrine by weighing the merits of a claim before trial. In tandem, the more permissive federal rules allow for anti-SLAPP appeals to be brought on the eve of trial, as Appellants have done here.

Although Appellees do not advocate to eliminate California's anti-SLAPP protections in federal court, these conflicts prevent the statute from being used as originally intended by the California legislature and give rise to potential for abuse. As such, at least some tweaks to the statute's application in federal court might be clarified through en banc review. As advocated for in Appellees' answering brief, for example, preserving the 60-day deadline for anti-SLAPP motions that are the equivalent of motions to dismiss under Rule 12 should motivate litigants to raise their anti-SLAPP concerns before discovery commences. Dkt. 35, p. 51. Or, as explained below, this Court could require losing defendants to post a bond in order to appeal the denial of their motion.

### IV.

### Given the Potential for Litigants to Delay Trial, the Denial of a Motion to Strike Under California's Anti-SLAPP Statute Should Not Be Immediately Appealable Under the Collateral Order Doctrine

The collateral order doctrine allows interlocutory appeals from orders that "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) [are] effectively

unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345,

349, 126 S. Ct. 952, 163 L. Ed. 2d 836 (2006) (quotation omitted). "The Supreme

Court has repeatedly emphasized that these requirements are stringent and that the

collateral-order doctrine must remain a narrow exception." *SolarCity Corp. v. Salt

River Project Agric. Improvement & Power Dist*., 859 F.3d 720, 724 (9th Cir.

2017).

 Without the 60-day limiting provision of Section 425.16(f), this Court's

long-standing precedent that California's anti-SLAPP statute does not run afoul of

the collateral order doctrine is worth reevaluating on en banc review to eliminate

the potential for abuse of the anti-SLAPP statute and to further "eliminate[]

conflicts between California's anti-SLAPP law's procedural provisions and the

Federal Rules of Civil Procedure." *Planned Parenthood*, 890 F.3d at 833; *see* Dkt.

35, pp. 53-54. Otherwise, as the California Supreme Court warned of when

considering whether the 60-day rule should be relaxed for amended pleadings,

"some anti-SLAPP appeals will undoubtedly delay litigation even though the

appeal is frivolous or insubstantial. … [S]uch a result may encourage defendants to

'misuse the [anti-SLAPP] motions to delay meritorious litigation or for other

purely strategic purposes." *Id*. (citation omitted).

 For years, judges throughout the Ninth Circuit have observed the concerns

created by the tension between the collateral order doctrine and the right to an

immediate appeal under California's anti-SLAPP statute. In *Makaeff v. Trump University, LLC*, Judge Watford, joined by then-Chief Judge Kozinski and Judges Paez and Bea, posited that litigants should not be entitled to immediate appeals. 736 F.3d 1180, 1190-92 (9th Cir. 2013) (Watford, J., dissenting from the denial of rehearing en banc). Judge Watford explained that the collateral order doctrine should not apply to such orders because "California's anti-SLAPP statute requires courts to assess the merits of the action when ruling on a motion to strike." *Id*. at 1190. He also observed that, even if *Batzel* correctly interpreted California's anti-SLAPP statute as conferring immunity from trial, under Supreme Court precedent that alone does not suffice for an interlocutory appeal. *Id*. at 1191 (citing Johnson v. Jones, 515 U.S. 304, 307 (1995)).

Similarly, Judge Gould, who had previously joined the decision in *Batzel*, wrote in concurrence in *Planned Parenthood* that because "anti-SLAPP motions are hybrids of motions to dismiss and motions for summary judgment," the denial of either of these motions is generally unreviewable on interlocutory appeal, and thus unnecessarily burden the Court with procedurally improper appeals. 890 F.3d at 836 (Gould, J., concurring). "Not only does the denial of an anti-SLAPP motion to strike not meet the collateral order doctrine and receive special privileges compared to its federal procedural counterparts, the use of anti-SLAPP procedure in federal courts has been squarely rejected by three circuits." *Id*. Like Judge

Watford, Judge Gould pointed out that the "denial of an anti-SLAPP motion is inextricably intertwined with the merits." *Id*. at 838.

Judge Bress's concurrence in *Flo & Eddie, Inc. v. Pandora Media, LLC*, surveyed this growing concern among Ninth Circuit judges and other circuit courts in further questioning precedent allowing immediate appeals under the collateral order doctrine. No. 20-56134, 2022 U.S. App. LEXIS 15281, at *6-9 (9th Cir. June 2, 2022) (Bress, J., concurring) (noting Ninth Circuit precedent conflicts with the decisions of the Seventh, Tenth, Eleventh, and D.C. Circuits, citing *Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 414 U.S. App. D.C. 465 (D.C. Cir. 2015); *Los Lobos Renewable Power, LLC v. Americulture, Inc*., 885 F.3d 659 (10th Cir. 2018); *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026 (N.D. Ill. 2013), aff'd, 791 F.3d 729 (7th Cir. 2015); and *Carbone v. Cable News Network, Inc*., 910 F.3d 1345, 1347 (11th Cir. 2018).) The Second Circuit has held that, even assuming state anti-SLAPP procedures apply in federal court, interlocutory appeals from the denial of anti-SLAPP motions are not permitted. *Id*. (citing *Ernst v. Carrigan*, 814 F.3d 116, 119 & n.1 (2d Cir. 2016)).

*Flo & Eddie* provided a "healthy illustration of the concerns" raised in allowing interlocutory appeals after the defendant in that case twice filed, and twice appealed, anti-SLAPP motions. The court there "weathered years of appellate proceedings and procedural wrangling at the appellate level" and two

"pointless and costly detours" later, *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1184 (9th Cir. 2016) (Kozinski, J., concurring), the case was effectively back where it started when it was filed seven years prior. Similarly, in *Salveson v. Kessler*, the piecemeal appeal of a denied anti-SLAPP motion "resulted in a totally meritless anti-SLAPP motion delaying this litigation by nearly a year. That is neither sound as a matter of law nor sensible as a matter of litigation management." No. 22-55472, 2023 U.S. App. LEXIS 7418, at *5 (9th Cir. Mar. 29, 2023) (Bress, J., concurring).

Here, Appellants have taken the inherent problems recognized in the decisions above to another level. Despite making clear from the outset of the case that they intended to pursue an anti-SLAPP motion, expressly referencing the anticipated motion in the parties' joint Rule 26 discovery report in March 2022 (Dkt. 36.1, p. 10), and even after obtaining a five-week extension to file their motion (Dkt. 36.1, p. 29), Appellants did not bring their motion until January 2023, more than a year after the close of discovery and more than six months after the deadline for pretrial motions. As the district court held, "[Appellants] had many prior opportunities under the Federal Rules and the Court's Scheduling Order to raise a timely anti-SLAPP motion challenging Defendants' trade libel and related claims at the pleading stage, during/after the completion of discovery, and before

the pretrial motion deadline. Yet they chose not to file an anti-SLAPP motion until Defendants filed the TACC." Dkt. 31.3, p. 13.

## V.

### Should The Court Uphold Precedent Allowing the Denial of an Anti-SLAPP Motion To Be Immediately Appealable, Defendants Should Be Required to Post a Bond on Appeal

One potential mechanism to mitigate the abuse of the anti-SLAPP statute in federal court is to require unsuccessful defendants, such as Appellants here, to post a bond before appealing the denial of their motion. Rule 7 of the Federal Rules of Appellate Procedure allows a district court to require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. This Court, in agreement with the Second, Sixth, and Eleventh Circuits, holds that the term "costs on appeal" in Rule 7 includes all expenses defined as "costs" by an applicable fee-shifting statute, including attorney's fees. *Azizian v. Federated Dep't Stores, Inc*., 499 F.3d 950, 958 (9th Cir. 2007) ("allowing district courts to include appellate attorney's fees in estimating and ordering security for statutorily authorized costs under Rule 7 comports with their role in taxing the full range of costs of appeal.")

California's anti-SLAPP statute allows a prevailing plaintiff to recover costs and reasonable attorney's fees if the court finds that a special motion to strike is "frivolous or is solely intended to cause unnecessary delay." Cal. Code Civ. Proc. §

425.16(c)(1). [1] Similarly, under Rule 38 of the Federal Rules of Appellate Procedure, if a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee, including attorneys' fees. *See Baker v. Meiling*, No. 22-15503, 2024 U.S. App. LEXIS 10732, at *2 (9th Cir. May 2, 2024). Accordingly, requiring a bond may deter meritless appeals and provide security to parties like Appellees.

## VI.

### If This Matter Is Considered for En Banc Review, Appellees Request Leave to Request that Appellants Post a Bond

If the Court reviews this case en banc, Appellees ask for leave to request of this Court, or the district court below, for Appellants to post a bond for the remaining pendency of this Appeal pursuant to Rule 7. The record in this case makes abundantly clear that Appellants' sole motivation in seeking anti-SLAPP protection on meritless grounds was to unnecessarily delay trial in this case. This is especially true as to Appellants' motion and appeal seeking anti-SLAPP protection Appellees' trade libel claim, which the district court determined was forfeited. Citing to *Marks v. Clarke* in noting that "the Ninth Circuit has made clear that a

---

[1] In the event this matter proceeds to en banc review, Appellees ask this Court to make any precedent-reversing decisions to be prospective in nature only so as to still allow Appellees to recover their fees and costs on this appeal.

district court may certify an interlocutory appeal as forfeited or waived when the underlying motion is untimely or dilatory," 102 F.3d 1012, 1017 n.8 (9th Cir. 1996), the district court analogized to the defendants who similarly forfeited their right to raise qualified immunity at the eleventh hour in *Apostol v. Gallion*, where the Seventh Circuit held that "defendants who play games with the district court's schedule forfeit their entitlement to a pre-trial appeal. A district court may certify that a defendant has surrendered the entitlement to a pre-trial appeal and proceed with trial." 870 F.2d 1335, 1339 (7th Cir. 1989) (emphasis added). Dkt. 31.3, p. 6. The district court's order also invoked its authority to control its own docket, citing *Edwards v. Cass County*, 919 F.2d 273, 274 (5th Cir. 1990) ("To hold otherwise would be to open the floodgates to appeals by defendants seeking delay by asserting qualified immunity at the last minute.") Dkt. 31.3, p. 13.

It follows, then, that Appellants' interlocutory appeal of a forfeited claim mid-litigation is quintessentially a frivolous act that should result in attorneys' fees and costs for Appellees. "[A]n appeal is frivolous if the result is obvious or if the claims of error are wholly without merit." *In re Westwood Plaza N.*, 889 F.3d 975, 977 (9th Cir. 2018) (quoting *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir. 1984)). As such, Appellants should be required to post a bond during the pendency of this appeal.

DATED:  December 10, 2024          SOLOMON WARD SEIDENWURM &
                                   SMITH, LLP


                                   By:  _____*/s/ Owen M. Praskievicz*_____
                                        DANIEL E. GARDENSWARTZ
                                        OWEN M. PRASKIEVICZ
                                        Attorneys for Appellees ANDREW
                                        MELONE and AGFM Family
                                        Enterprises, LLC, erroneously sued as
                                        American Pizza Manufacturing, aka
                                        American Pizza MFG

**CERTIFICATE OF COMPLIANCE PURSUANT TO**

**FED. R. APP. 32(A)(7)(C) AND CIRCUIT RULE 32-1**

This brief complies with the page limitations of this Court's November 5, 2024 Order (Dkt. 49.1) because it contains 15 pages, including the parts of the brief as exempted by Fed. R. App. P. 32(f)

Pursuant to Fed. R. App. P. 32 (a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the attached brief is proportionally spaced, has a typeface of 14 points and contains 3,640 words.

DATED:  December 10, 2024          SOLOMON WARD SEIDENWURM & SMITH, LLP


                                   By:    _/s/ Owen M. Praskievicz_
                                          DANIEL E. GARDENSWARTZ
                                          OWEN M. PRASKIEVICZ
                                          Attorneys for Defendnats,
                                          Counterclaimants and Appellees Andrew
                                          Melone; American Pizaa Manufacturing,
                                          aka American Pizza Mfg, A Califonira
                                          business entity

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of December, 2024, I electronically filed the foregoing **APPELLEES' SUPPLEMENTAL BRIEF,** with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the ACMS system.

I certify that each party in the case is represented by counsel who are registered ACMS users and will be served by the ACMS system.

*/s/ Woody Doolittle*        

Woody Doolittle
