# No. 24-2626

IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

—————

**GOPHER MEDIA, LLC et al.**,
*Plaintiffs, Counter-Defendants, and Appellants,*

*v.*

**ANDREW MELONE et al.**,
*Defendants, Counter-Claimants, and Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA
RUTH BERMUDEZ MONTENEGRO, DISTRICT JUDGE • CASE NO. 3:21-CV-01909-RBM (VET)

—————

## AMICUS BRIEF OF CONCERNED JEWISH
## PARENTS AND TEACHERS OF LOS ANGELES

—————

**HORVITZ & LEVY** LLP
JEREMY B. ROSEN
REBECCA A. MARCYES
505 SANSOME STREET, SUITE 1550
SAN FRANCISCO, CALIFORNIA 94111-3149
(415) 462-5600

**HORVITZ & LEVY** LLP
JOHN F. QUERIO
3601 WEST OLIVE AVENUE, 8TH FLOOR
BURBANK, CALIFORNIA 91505-4681
(818) 995-0800

ATTORNEYS FOR AMICUS CURIAE
**CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES**

# DISCLOSURE STATEMENT[1]

Pursuant to Federal Rule of Appellate Procedure 26.1(a), amicus Concerned Jewish Parents and Teachers of Los Angeles is an unincorporated association that has no parent corporation, and no publicly held corporation owns ten percent or more of its stock.

---

[1] No party or party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund the preparation or submission of this brief; and no other person except amicus curiae or its counsel contributed money to fund the preparation or submission of this brief. Amici sought consent from the parties to file this brief. Both parties felt they were unable to consent because of Ninth Circuit rules governing the timing of amicus briefing.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................ii

INTEREST OF AMICUS CURIAE ....................................................... 1

SUMMARY OF THE ARGUMENT ...................................................... 3

ARGUMENT ....................................................................................... 6

I.    This Court has fundamentally changed the anti-SLAPP
      statute through its prior opinions, creating a disparity in
      anti-SLAPP practice between federal and state court. ................... 6

      A.    California's anti-SLAPP statute supplies a powerful
            vehicle for early dismissal of meritless claims but
            limits the losing party's exposure to attorney's fees. ............. 6

      B.    In an effort to avoid conflicts with the Federal Rules
            and comply with *Erie*, the Ninth Circuit applies a
            hybrid version of the anti-SLAPP statute at odds with
            the statute's purpose. ............................................................ 8

II.   The anti-SLAPP statute does not apply in federal court. ............. 13

      A.    The anti-SLAPP statute is a state procedural rule and
            does not apply in federal court. ........................................... 13

      B.    Even if the anti-SLAPP statute is not sufficiently
            procedural to obviate the need for further analysis, it
            still does not apply in federal court because Rules
            12(b)(6) and 56 do apply. ...................................................... 16

      C.    Ninth Circuit judges, sister circuits, and district courts
            agree that state anti-SLAPP statutes cannot be
            reconciled with the Federal Rules of Civil Procedure. ......... 21

CONCLUSION ................................................................................... 24

FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS ................ 25

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abbas v. Foreign Pol'y Grp., LLC,*
   783 F.3d 1328 (D.C. Cir. 2015) ......................................... 17, 19, 20, 22

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................. 18

*Baral v. Schnitt,*
   1 Cal.5th 376 (2016) .................................................................. 9

*Barry v. State Bar of Cal.,*
   2 Cal.5th 318 (2017) ............................................................. 10, 11

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................. 18

*Berk v. Choy,*
   2024 WL 3534482 (3d Cir. 2024) ........................................... 5, 16

*Carbone v. Cable News Network, Inc.,*
   910 F.3d 1345 (11th Cir. 2018) ........................................ 19, 20, 22

*In re Cnty of Orange,*
   784 F.3d 520 (9th Cir. 2015) ................................................... 13

*Cooper v. Tokyo Elec. Power Co. Holdings,*
   960 F.3d 549 (9th Cir. 2020) ................................................... 13

*Erie R. Co. v. Tompkins,*
   304 U.S. 64 (1938) ................................................................... 13

*FilmOn.com Inc. v. DoubleVerify Inc.,*
   7 Cal.5th 133 (2019) ............................................................ 6, 17

*In re Gawker Media LLC,*
   571 B.R. 612 (S.D.N.Y. 2017) ................................................. 22

ii

*Intercon Sols., Inc. v. Basel Action Network*,
   791 F.3d 729 (7th Cir. 2015)................................................................23

*Jeppson v. Ley*,
   44 Cal.App.5th 845 (2020) ............................................................17

*In re Johnson & Johnson Talcum Powder Prods. Mktg.,*
   *Sales Practices, & Prods. Liab. Litig.*,
   553 F.Supp.3d 211 (D.N.J. 2021) ....................................................22

*Klocke v. Watson*,
   936 F.3d 240 (5th Cir. 2019)............................................................23

*La Liberte v. Reid*,
   966 F.3d 79 (2d Cir. 2020) ......................................6, 12, 17, 18, 19, 22

*LaNasa v. Stiene*,
   731 F.Supp.3d 403 (E.D.N.Y. 2024) ................................................22

*Langer v. Kiser*,
   57 F.4th 1085 (9th Cir. 2023) .........................................................17

*Los Lobos Renewable Power, LLC v. Americulture, Inc*,
   885 F.3d 659 (10th Cir. 2018)..........................................................23

*Makaeff v. Trump Univ., LLC*,
   715 F.3d 254 (9th Cir. 2013).............................................8, 14, 15, 21

*Makaeff v. Trump Univ., LLC*,
   736 F.3d 1180 (9th Cir. 2013)..................................................14, 18, 21

*Martinez v. ZoomInfo Techs., Inc.*,
   82 F.4th 785 (9th Cir. 2023) ...........................................................21

*Med. Marijuana, Inc. v. ProjectCBD.com*,
   46 Cal.App.5th 869 (2020) ..............................................................10

*Metabolife Int'l, Inc. v. Wornick*,
   264 F.3d 832 (9th Cir. 2001)..............................................................9

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*,
   4 Cal.5th 637 (2018)........................................................................15

iii

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
190 F.3d 963 (9th Cir. 1999)................................6, 15, 21, 22

*Parker v. Spotify USA, Inc.*,
569 F.Supp.3d 519 (W.D. Tex. 2021).................................22

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*,
946 F.Supp.2d 957 (N.D. Cal. 2013)...................................18

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
890 F.3d 828 (9th Cir. 2018)..........................................9, 21

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
559 U.S. 393 (2010)...............................................14, 16, 20

*Travelers Cas. Ins. Co. of Am. v. Hirsh*,
831 F.3d 1179 (9th Cir. 2016)........................................19, 21

*Unity Healthcare, Inc. v. County of Hennepin*,
308 F.R.D. 537 (D. Minn. 2015).......................................22

*Verizon Del., Inc. v. Covad Commc'ns Co.*,
377 F.3d 1081 (9th Cir. 2004).........................................10

## Statutes

28 U.S.C. § 2072(a) ....................................................20

California Civil Procedure Code (West 2016)
§ 425.16................................................................1, 3
§ 425.16(b)(1)..........................................................17
§ 425.16(e) .............................................................17
§ 425.16(f) ...............................................................9
§ 425.16(g) ..............................................................9

Del. Code Ann. tit. 18, § 6853 (2024) ................................16

iv

## Rules

Fed. R. Civ. P. 12 ........................................................................... 20

Fed. R. Civ. P. 12(b)(6) ................................................... *passim*

Fed R. Civ. P. 15(a) ...................................................................... 10

Fed. R. Civ. P. 56 ................................................ 3, 9, 16, 19, 20, 21

Fed. R. Civ. P. 56(d)(2) ................................................................ 19

## Miscellaneous

Caleb P. Lund, *It's Time to SLAPP Back: Why California's Anti-SLAPP Statute Should Not Apply in Federal Court,* 44 Sw. L. Rev. 97 (2015) ........................................ 14, 15, 22

19 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 4509 (3d ed. 2025)..................................... 14, 20

Charles W. Adams & Mbilike M. Mwafulirwa, *The Last Lecture: State Anti-SLAPP Statutes and the Federal Courts*, 96 St. John's L. Rev. 1 (2022) ................................... 7

Robert I. Weil & Ira A. Brown, *California Practice Guide: Civil Procedure Before Trial* ¶ 7:1076 (Rutter Group 2025) ............. 10

5 Witkin, California Procedure, § 1019 (6th ed. 2025) ........................... 15

Yando Peralta, *State Anti-SLAPPs and Erie: Murky, but Not Chilling*, 26 Fordham Intell. Prop. Media & Ent. L.J. 769 (2016) ................................................... 23

## INTEREST OF AMICUS CURIAE

Concerned Jewish Parents and Teachers of Los Angeles (Concerned Parents) represents Los Angeles residents, Middle Eastern and American Jewish Zionists, teachers in Los Angeles public schools, and parents of students enrolled in those schools. Concerned Parents was formed to defend the civil rights of its members and Jews in general to be free from discrimination on the basis of their religious belief, ethnicity, or nationality-based identity.

Disturbed by the use of antisemitic curriculum in Los Angeles public schools under the guise of ethnic studies, Concerned Parents brought suit in federal court against the Los Angeles Unified School District, United Teachers Los Angeles (the teachers' union for Los Angeles public schools), the consortium of teachers that developed the curriculum, and three individuals involved in the curriculum's dissemination. Plaintiffs' claims were dismissed with prejudice based in part on defendants' anti-SLAPP motions and in part on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants were awarded attorney's fees under section 425.16 of the California Civil Procedure Code for prevailing on their anti-SLAPP motion.

1

Concerned Parents' appeals from the dismissal and the fee award are currently pending in this Court in case numbers 24-7676 and 25-3436.

Neither party and none of the amici in this appeal object to the application of California's anti-SLAPP statute in federal court across the board, instead limiting their disagreement to whether the denial of an anti-SLAPP motion in federal court is immediately appealable under the collateral order doctrine. Concerned Parents files this brief to ensure that the en banc court has the benefit of full briefing on that critically important legal question currently dividing the circuit courts.

## SUMMARY OF THE ARGUMENT

Like many states, California has an anti-SLAPP statute permitting early dismissal of claims based on speech or petitioning activity protected by the First Amendment.  Cal. Civ. Proc. Code § 425.16 (West 2016).

The benefits of the anti-SLAPP statute can be debated.  The sole question presented here is whether applying this state procedural statute in federal court conflicts with Federal Rules of Civil Procedure 12(b)(6) and 56.  Other circuits, several judges of this Court, and noted legal scholars have concluded the anti-SLAPP statute conflicts with the federal rules for determining the legal sufficiency of a claim before trial. But current precedent in the Ninth Circuit permits federal courts to apply a modified version of this state procedure.

Even though this Court in theory allows the state anti-SLAPP statute to apply in federal court, it has employed a Rube-Goldberg approach to alter the statute in order to harmonize it with conflicting Federal Rules and comply with the *Erie* doctrine.  But this hybrid version of the anti-SLAPP statute applied in federal court looks nothing like the statute as drafted and as applied in state courts.  The result is

more litigation and a higher price tag for litigants in federal court than in state court. Worse, the careful balance of competing interests established by the California Legislature has been fundamentally altered in federal court. Rather than contorting California's anti-SLAPP statute and applying bits and pieces of it, this Court should overturn its precedent and declare that the statute, as a whole, does not apply in federal court.

In this case, the en banc court requested supplemental briefing from the parties on (1) whether California's anti-SLAPP statute applies in federal court, and (2) whether the denial of a special motion to strike under the anti-SLAPP statute is immediately appealable. Neither party and none of the amici object to the application of the statute in federal court. At oral argument, it appeared the Court was ready to hold that there could be no interlocutory appeal, but it also appeared that there might be disagreement among the judges over whether the statute could apply in federal court at all, with no adversarial presentation from the parties on this latter question.

Concerned Parents understands the problems involved with opposing an anti-SLAPP motion in federal court and is prepared to

4

argue—as amicus in this appeal or as a party in its own appeals—that state anti-SLAPP statutes should not apply in federal court because they are procedural remedies that conflict with the Federal Rules of Civil Procedure. It is important that the en banc court have the benefit of briefing articulating the legal arguments on that side of the question before it issues its opinion.

Alternatively, the Court could decline to reach the applicability question here since it is not necessary to resolve the interlocutory appeal question. The Court could wait for the pending decision by the United States Supreme Court in *Berk v. Choy*, 2024 WL 3534482 (3d Cir. 2024), *cert. granted*, 145 S.Ct. 1328 (U.S. Mar. 10, 2025) (No. 24-440), which will address whether a Delaware statute is inapplicable in federal court because it clashes with the Federal Rules of Civil Procedure. The high court's forthcoming opinion in *Berk* may clarify the collision analysis and provide updated guidance on applying *Erie* in this context. The Court could then grant initial hearing en banc in case numbers 24-7676 and 25-3436 (Concerned Parents' appeals from the grant of an anti-SLAPP motion and resulting fee award) to address whether an anti-SLAPP motion can be filed in federal court at all, based

on existing authority assisted by potentially relevant new authority from the Supreme Court. An en banc decision in case numbers 24-7676 and 25-3436 would resolve the applicability question in an appeal where both sides of the issue will be vigorously briefed and argued by the parties.

## ARGUMENT

**I.  This Court has fundamentally changed the anti-SLAPP statute through its prior opinions, creating a disparity in anti-SLAPP practice between federal and state court.**

**A.  California's anti-SLAPP statute supplies a powerful vehicle for early dismissal of meritless claims but limits the losing party's exposure to attorney's fees.**

The "idea" behind anti-SLAPP statutes is "that they provide breathing space for free speech on contentious public issues," *La Liberte v. Reid*, 966 F.3d 79, 85 (2d Cir. 2020), and many states have versions of them. *See FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal.5th 133, 143 (2019) (describing "the paradigmatic SLAPP suit[:] a well-funded developer limits free expression by imposing litigation costs on citizens who protest, write letters, and distribute flyers in opposition to a local project"); *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190

6

F.3d 963, 970–71 (9th Cir. 1999) (describing the "hallmarks" of a SLAPP suit).

California's anti-SLAPP statute is among the "most stringent." Charles W. Adams & Mbilike M. Mwafulirwa, *The Last Lecture: State Anti-SLAPP Statutes and the Federal Courts*, 96 St. John's L. Rev. 1, 12 (2022). In state court, California's anti-SLAPP statute provides the following "strong measures" to a defendant: "an accelerated dismissal procedure soon after suit is filed; a complete stay of discovery; the plaintiff must, at the pleading stage, come forward with evidence to establish her prima facie trial burden; mandatory attorney's fees and costs to the prevailing defendant; and an immediate appeal if the trial court denies the dismissal motion." *Id.* at 1–2.

While the remedy can be extreme (early dismissal on the merits with no discovery and fees to the prevailing party), that is tempered by the more limited time during which fees can be incurred by defendants and thus paid by plaintiffs through fee-shifting. There is no billable time for discovery or for months or years of litigation (including potentially a full-blown trial). Moreover, the trial court's order on the anti-SLAPP motion is immediately appealable. The California

7

Legislature struck this careful balance to secure speedy and inexpensive relief in cases implicating the First Amendment.

As we explain below, this Court has fundamentally altered the anti-SLAPP statute in an attempt to comply with the *Erie* doctrine, in the process making it more expensive and less speedy. A decision to end interlocutory appeals will make anti-SLAPP practice in federal court even more expensive and drawn out, especially if fees can be sought only after trial (as was suggested during oral argument in this case).

**B.    In an effort to avoid conflicts with the Federal Rules and comply with *Erie*, the Ninth Circuit applies a hybrid version of the anti-SLAPP statute at odds with the statute's purpose.**

In federal court, the Federal Rules of Civil Procedure "provide an integrated program of pre-trial, trial and post-trial procedures," following "a logical order and pace so that cases proceed smartly towards final judgment or settlement." *Makaeff v. Trump Univ., LLC* (*Makaeff I*), 715 F.3d 254, 274 (9th Cir. 2013) (Kozinski, J., concurring). California's anti-SLAPP statute "cuts an ugly gash through this orderly process." *Id.* For over two decades, Ninth Circuit opinions have "recognized that key aspects of th[e] scheme can't possibly coexist with

8

the Federal Rules of Civil Procedure." *Id.*; *see id.* at 275 (emphasis added) (agreeing that application of California's anti-SLAPP statute in federal court "has created a hybrid mess that now resembles *neither* the Federal Rules *nor* the original state statute").

For instance, under California state courts' application of the anti-SLAPP statute, "[d]iscovery is stayed, absent permission from the court." *Baral v. Schnitt*, 1 Cal.5th 376, 384 n.5 (2016); *see* Cal. Civ. Proc. Code § 425.16(g). Yet this Court has long held that the anti-SLAPP provisions limiting discovery, Cal. Civ. Proc. Code § 425.16(f) & (g), do *not* apply in federal court. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001).

Furthermore, district court rulings on anti-SLAPP motions are reviewed on appeal "under different standards depending on the motion's basis." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018). A motion founded on purely legal arguments is analyzed under Rule 12(b)(6), while a factual challenge "must be treated as though it were a motion for summary judgment," *see* Fed. R. Civ. P. 56, *and* "discovery must be permitted." *Planned Parenthood*, 890 F.3d at 833. The Court explained that

9

"[r]equiring a presentation of evidence" while limiting discovery would "improperly transform" the motion to strike into a summary judgment motion "without . . . any of the [federal] procedural safeguards." *Id.* at 833–34 (declining to "allow the state anti-SLAPP rules to usurp the federal rules").

Thus, instead of a short, streamlined, and relatively inexpensive process, the federal anti-SLAPP hybrid is more expensive and takes much longer to reach a decision.

Next, consider leave to amend. California courts have "routinely" held that a plaintiff cannot amend "in the face of an anti-SLAPP motion, and particularly after obtaining a ruling on an anti-SLAPP motion." *Med. Marijuana, Inc. v. ProjectCBD.com*, 46 Cal.App.5th 869, 897 (2020); *see Barry v. State Bar of Cal.*, 2 Cal.5th 318, 328 (2017); Robert I. Weil & Ira A. Brown, *California Practice Guide: Civil Procedure Before Trial* ¶ 7:1076 (Rutter Group 2025). By contrast, the federal court hybrid model requires leave to amend because granting an anti-SLAPP motion without leave to amend "directly collide[s]" with Federal Rule of Civil Procedure 15(a)'s policy "favoring liberal amendment." *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081,

1091 (9th Cir. 2004). Yet again, the state statute's requirement of prompt and inexpensive resolution is thrown out.

Finally, anti-SLAPP laws exist in part to keep attorney's fees from snowballing in unmeritorious lawsuits. *Barry*, 2 Cal.5th at 328 (citation modified) (identifying the "central purpose" of the anti-SLAPP statute: "preventing SLAPPs by ending them early and without great cost to the SLAPP target"). In federal court, those fees now amount to even larger sums because more litigation happens before the motion to strike can be won. And even more fees will be awarded if the right to interlocutory appeal is taken away because fee motions may then include fees not just for a single motion (as in state court) but for discovery and trial too. This is not what the California Legislature had in mind.

For plaintiffs in federal court, this creates a crushing economic burden that is mitigated in state court because those courts apply the anti-SLAPP statute as written. If Concerned Parents loses its pending appeals, it will have to pay nearly $600,000 in attorney's fees (and more for the appeal) because defendants tacked a largely redundant anti-SLAPP motion onto their Rule 12(b)(6) motion to dismiss. Concerned

11

Parents' only goal in bringing its lawsuit was to protect children and teachers from antisemitic curriculum in public schools. If its complaint failed to state a claim (it did not), Rule 12(b)(6) provided its typical dismissal safeguard, without *also* punishing plaintiffs financially for seeking to vindicate their constitutional and statutory rights to be free from antisemitism. *See La Liberte*, 966 F.3d at 88–89 (noting the anti-SLAPP statute "does not purport to make attorney's fees available to parties who obtain dismissal by other means, such as under Federal Rule 12(b)(6)").

During oral argument in this case, in conjunction with the en banc court's apparent readiness to hold that there is no right to an interlocutory appeal from denial of an anti-SLAPP motion in federal court, several judges suggested that the ultimate fee motion in an anti-SLAPP case might have to be brought at the end of the case (even after trial), and thus include fees for all the time spent litigating to that point. Such a result would fundamentally alter the careful balance the California Legislature struck in significantly limiting the losing party's exposure to attorney fees by mandating early filing and rapid disposition of the motion, along with immediate appeal, in state court.

12

In effect, this Court has rewritten a state statute in an understandable but ultimately futile attempt to comply with *Erie* while preserving some part of the statute to apply in federal court. But the California Legislature drafted all of the provisions of the anti-SLAPP statute to work together as an interdependent whole, not to be selected à la carte based on which sections do not conflict with the Federal Rules. This Court should hold that none of the anti-SLAPP statute applies in federal court because the statute is fundamentally procedural and too much of it conflicts with the Federal Rules.

## II. The anti-SLAPP statute does not apply in federal court.

### A. The anti-SLAPP statute is a state procedural rule and does not apply in federal court.

Under the *Erie* doctrine, "a federal district court will apply its own rules of procedure, but state . . . substantive law." *Cooper v. Tokyo Elec. Power Co. Holdings*, 960 F.3d 549, 557 (9th Cir. 2020); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Facing an *Erie* question, federal courts "first ask whether a Federal Rule of Civil Procedure . . . governs. If so, we will apply that rule—even in the face of a countervailing state rule—as long as it is constitutional and within the scope of the Rules Enabling Act." *In re*

13

*Cnty of Orange*, 784 F.3d 520, 527 (9th Cir. 2015) (citation omitted); *see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010); *Makaeff I*, 715 F.3d at 272 (Kozinski, J., concurring) ("[W]hen it comes to procedure, federal law governs."); *Makaeff v. Trump Univ., LLC* (*Makaeff II*), 736 F.3d 1180, 1188 (9th Cir. 2013) (Watford, J., dissenting from denial of rehearing en banc) ("The Supreme Court has long held that the federal courts may not apply state statutes that interfere with the operation of the Federal Rules of Civil Procedure.").

"The central point of the Supreme Court's *Hanna v. Plumer* opinion is that the terms of the Rules Enabling Act and relevant constitutional restrictions, rather than the principle of *Erie* . . . govern the validity and applicability of the Federal Rules of Civil Procedure in federal courts." 19 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 4509 (3d ed. 2025). Only where *no* applicable Federal Rule governs does a court conduct further analysis under *Erie* and its progeny. *See Makaeff I*, 715 F.3d at 273 (Kozinski, J., concurring) (noting conflict analysis "only arises if the state rule is substantive"); Caleb P. Lund, *It's Time to SLAPP Back: Why*

14

*California's Anti-SLAPP Statute Should Not Apply in Federal Court*, 44 Sw. L. Rev. 97, 102 (2015) (explaining the "direct collision analysis is unnecessary" where the state law is procedural "because the Federal Rules of Civil Procedure indubitably apply").

In *Newsham*, 190 F.3d at 971–72, this Court held that California's anti-SLAPP statute could "exist side by side" with the Federal Rules of Civil Procedure, "each controlling its own intended sphere of coverage without conflict." But the *Newsham* court proceeded to the conflict analysis "without first determining whether the state rule is, in fact, substantive. *It's not.*" *Makaeff I*, 715 F.3d at 273 (Kozinski, J., concurring) (emphasis added); *see id.* at 275 (Paez, J., concurring) (calling the anti-SLAPP statute "quintessentially procedural"). Indeed, the California Supreme Court, in a decision postdating *Newsham*, confirms that its anti-SLAPP statute is "a procedural device." *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal.5th 637, 645 (2018); *see* Lund, *supra*, 44 Sw. L. Rev. at 99 ("Consider that California's anti-SLAPP statute is codified as a civil procedure."); 5 Witkin, California Procedure, § 1019 (6th ed. 2025) (describing anti-

SLAPP statute as "procedural in nature" and "merely a procedural screening mechanism").[2]

### B. Even if the anti-SLAPP statute is not sufficiently procedural to obviate the need for further analysis, it still does not apply in federal court because Rules 12(b)(6) and 56 do apply.

Under *Shady Grove*, this Court "must first determine whether [a Federal Rule] answers the question in dispute. If it does, it governs—[state] law notwithstanding—unless it exceeds statutory authorization or Congress's rulemaking power. We do not wade into *Erie*'s murky waters unless the federal rule is inapplicable or invalid." 559 U.S. at 398 (citations omitted).

The anti-SLAPP statute "establishes the circumstances under which" pretrial dismissal is warranted, a question "already answered

---

[2] In *Berk*, the district court dismissed the plaintiff's medical malpractice claim because he failed to provide an affidavit of merit as required by Delaware law, and the Third Circuit affirmed. *Berk*, 2024 WL 3534482, at *1; Del. Code. Ann. tit. 18, § 6853 (2024). The court analyzed whether the state law was procedural or substantive and whether it conflicted with various Federal Rules of Civil Procedure. *Berk*, at *2–3. The United States Supreme Court granted certiorari to decide whether the state affidavit of merit requirement may be applied in federal court. The high court in *Berk* may thus provide useful guidance on the substance vs. procedure question presented here.

(differently)" by the Federal Rules. *La Liberte*, 966 F.3d at 87 (quoting
*Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1333–34 (D.C. Cir.
2015) (Kavanaugh, J.)). Under the anti-SLAPP statute, defendants can
move early on to strike meritless claims which "arise from acts in
furtherance of a person's 'right of petition or free speech under the
[federal or state Constitution] in connection with a public issue.'"
*FilmOn.com*, 7 Cal.5th at 139; *see* Cal. Civ. Proc. Code § 425.16(b)(1) &
(e). The motion to strike "proceed[s] in two steps. First the court
determines whether [the plaintiff's] claims arose from protected
activity. The second step is a summary-judgment-like procedure to
determine whether a plaintiff can establish a probability of success for
each claim." *Jeppson v. Ley*, 44 Cal.App.5th 845, 849 (2020); *see Langer
v. Kiser*, 57 F.4th 1085, 1105 (9th Cir. 2023).

**Rule 12(b)(6)** answers one question in dispute in an anti-SLAPP
motion: have plaintiffs alleged sufficient factual matter to proceed
beyond the pleading stage? Under the anti-SLAPP framework, once a
defendant makes a "prima facie showing that the plaintiff's suit arises
from an act in furtherance of the defendant's rights of petition or free
speech . . . the burden shifts to the plaintiff to demonstrate a *probability*

17

*of prevailing* on the challenged claims." *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F.Supp.2d 957, 967 (N.D. Cal. 2013), *aff'd,* 609 F. App'x 497 (9th Cir. 2015) (emphasis added). By requiring a plaintiff to show a likelihood of success on the merits, California's anti-SLAPP statute "bars claims at the pleading stage" that would otherwise be allowed to proceed under Rule 12(b)(6). *Makaeff II*, 736 F.3d at 1189 (Watford, J., dissenting). This burden on plaintiffs is incompatible with Federal Rule of Civil Procedure 12(b)(6).

Accessing the federal courts is far from easy, but there is no "probability requirement at the pleading stage." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Instead, "[t]o survive a [Rule 12(b)(6)] motion to dismiss," a plaintiff must submit a complaint "contain[ing] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see id.* ("The plausibility standard is not akin to a 'probability requirement.'"). Indeed, "a well-pleaded complaint may proceed *even if* it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556 (emphasis added); *see La Liberte*, 966 F.3d at 87 (holding the Federal Rules "express 'with

18

unmistakable clarity' that proof of probability of success on the merits 'is not required in federal courts' to avoid pretrial dismissal"); *Abbas*, 783 F.3d at 1334 ("In short, unlike the [relevant anti-SLAPP statute], the Federal Rules do not require a plaintiff to show a likelihood of success on the merits in order to avoid pre-trial dismissal."); *see also Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1183 (9th Cir. 2016) (Kozinski, J., concurring).

**Rule 56** answers the other question in dispute in an anti-SLAPP motion: whether plaintiffs have presented sufficient evidence to proceed to trial. As discussed above, in opposing an anti-SLAPP motion, a plaintiff must "prove that it is likely, and not merely possible, that a reasonable jury would find in his favor." *La Liberte*, 966 F.3d at 87 (citation omitted).

But under Rule 56, plaintiffs may proceed to trial as long as they can identify a "genuine dispute as to any material fact." And "[u]nder this Rule, a party is ordinarily entitled to test the proof for a claim only after the conclusion of discovery." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018); *see* Fed. R. Civ. P. 56(d)(2).

19

California's anti-SLAPP statute "nullifies that entitlement." *Abbas*, 783 F.3d at 1334; *see Carbone*, 910 F.3d at 1350.

Because Rules 12(b)(6) and 56 answer the "question in dispute" in an anti-SLAPP motion, the first step of the *Shady Grove* analysis is satisfied. 559 U.S. at 398. All that remains is to determine whether these Rules "exceed[] statutory authorization or Congress's rulemaking power." *Id.*

The Supreme Court can "prescribe general rules of practice and procedure and rules of evidence" for lower federal courts under the Rules Enabling Act. 28 U.S.C. § 2072(a); *see* Wright & Miller, *supra*, § 4509. "A Federal Rule of Civil Procedure violates the Rules Enabling Act if it abridges, enlarges, or modifies any substantive right." *Abbas*, 783 F.3d at 1336 (noting the "Supreme Court has rejected every challenge to the Federal Rules . . . under the Rules Enabling Act" and concluding Rules 12 and 56 "are valid under the Rules Enabling Act"); *Carbone*, 910 F.3d at 1357 (concluding with "little difficulty . . . that Rules . . . 12, and 56 comply with the Rules Enabling Act and the Constitution . . . because they define the procedures for determining whether a claim is alleged in a sufficient manner in a complaint and

20

whether there is a genuine dispute of material fact sufficient to warrant a trial").

The second *Shady Grove* step is therefore satisfied as to both Rules 12(b)(6) and 56.  Because state anti-SLAPP statutes cover the same ground as those rules, they cannot apply in federal court under *Shady Grove*.

## C. Ninth Circuit judges, sister circuits, and district courts agree that state anti-SLAPP statutes cannot be reconciled with the Federal Rules of Civil Procedure.

In *Newsham*, 190 F.3d at 971–72, this Court held that the anti-SLAPP statute could "exist side by side" with the Federal Rules of Civil Procedure, "each controlling its own intended sphere of coverage without conflict."  Many current and former Ninth Circuit judges disagree.  *See, e.g.*, *Martinez v. ZoomInfo Techs., Inc.*, 82 F.4th 785, 794–96 (9th Cir. 2023) (McKeown, J., concurring), *reh'g en banc granted, opinion vacated*, 90 F.4th 1042 (9th Cir. 2024); *Planned Parenthood*, 890 F.3d at 835–37 (Gould, J., concurring); *Makaeff II*, 736 F.3d at 1188 (Watford, J., dissenting) (calling *Newsham*'s holding a "mistake"); *Travelers*, 831 F.3d at 1184 (Kozinski, J., concurring) (criticizing *Newsham*'s "erroneous[]" reasoning); *Makaeff I*, 715 F.3d at

275 (Paez, J., concurring) (agreeing *Newsham* "is wrong and should be reconsidered"); *see also* Transcript of Oral Argument at 10:00–15:00 (June 24, 2025); Lund, *supra*, 44 Sw. L. Rev. at 99 ("In *Newsham* the Ninth Circuit got off on the wrong foot."); *id.* at 104–12 (making case for overruling *Newsham*).

Since *Newsham*, other circuits have weighed in and added their voices to the chorus that anti-SLAPP statutes are inapplicable in federal court.[3] *See La Liberte*, 966 F.3d at 87–88 (Second Circuit concluding California's anti-SLAPP statute does not apply in federal court); *Abbas*, 783 F.3d at 1336 (D.C. Circuit, per then-Judge Kavanaugh, concluding same); *see also Carbone*, 910 F.3d at 1357 (holding Georgia's anti-SLAPP statute inapplicable in federal court);

---

[3] Numerous district courts have arrived at the same conclusion. *See, e.g.*, *In re Gawker Media LLC*, 571 B.R. 612, 629–33 (S.D.N.Y. 2017) (holding California's anti-SLAPP statute inapplicable in federal bankruptcy court); *Unity Healthcare, Inc. v. County of Hennepin*, 308 F.R.D. 537, 542 (D. Minn. 2015) (holding Minnesota's anti-SLAPP statute inapplicable in federal court); *LaNasa v. Stiene*, 731 F.Supp.3d 403, 416–17 (E.D.N.Y. 2024) (holding New York's anti-SLAPP law inapplicable in federal court); *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices, & Prods. Liab. Litig.*, 553 F.Supp.3d 211, 220 n.4 (D.N.J. 2021) (holding District of Columbia's anti-SLAPP statute inapplicable in federal court); *Parker v. Spotify USA, Inc.*, 569 F.Supp.3d 519, 539 (W.D. Tex. 2021) (holding Texas's anti-SLAPP statute inapplicable in federal court).

*Intercon Sols., Inc. v. Basel Action Network*, 791 F.3d 729, 732 (7th Cir. 2015) (holding Washington's anti-SLAPP law inapplicable in federal court); *Klocke v. Watson*, 936 F.3d 240, 245–46 (5th Cir. 2019) (holding Texas's anti-SLAPP statute inapplicable in federal court); *Los Lobos Renewable Power, LLC v. Americulture, Inc*, 885 F.3d 659, 668–69 (10th Cir. 2018) (holding New Mexico's anti-SLAPP statute inapplicable in federal court).[4]

In short, the tide is turning against state anti-SLAPP statutes' applicability in federal court.  This Court should join it.

---

[4]   *See also* Yando Peralta, *State Anti-SLAPPs and Erie: Murky, but Not Chilling*, 26 Fordham Intell. Prop. Media & Ent. L.J. 769, 792–96 (2016) (arguing against applying anti-SLAPP laws in federal court).

## CONCLUSION

For all these reasons, the en banc court should hold California's anti-SLAPP statute does not apply in federal court, or wait to decide the issue by granting initial hearing en banc in the appeals brought by Concerned Parents.

July 22, 2025

**HORVITZ & LEVY LLP**
  JEREMY B. ROSEN
  JOHN F. QUERIO
  REBECCA A. MARCYES

         s/ Jeremy B. Rosen
_____

Attorneys for Amicus Curiae
**CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 24-2626

I am the attorney or self-represented party.

**This brief contains** | 4,267 | **words,** including | | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◯ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◉ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated | | .

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Jeremy B. Rosen | **Date** | July 22, 2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8** | *Rev. 12/01/22*