# No. 24-2626

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GOPHER MEDIA, LLC, et al.,
*Plaintiffs, Counter-Defendants, and Appellants,*

*v.*

ANDREW MELONE, et al.,
*Defendants, Counter-Claimants, and Appellees,*

On Appeal from the U.S. District Court
for the Southern District of California
No. 3:21-cv-01909-RBM (VET)
Judge Ruth Bermudez Montenegro

## APPELLANTS' MOTION TO STAY ISSUANCE OF MANDATE PENDING PETITION FOR WRIT OF CERTIORARI [FRAP 41(d); 9th Cir. R. 41-1]

**MUNCK WILSON MANDALA LLP**
ANTON "TONY" HANDAL
(SBN 113812)
thandal@munckwilson.com
MARINA BOGORAD (SBN 217524)
mbogorad@munckwilson.com
1925 Century Park East, #2300
Los Angeles, California 90067
(310) 855-3311
(972) 628-3616 fax

**MUNCK WILSON MANDALA LLP**
CHASE A. COBERN
(SBN 24101633)
ccobern@munckwilson.com
1900 Texas Capital Center
2000 McKinney Avenue
Dallas, Texas 75201
(972) 628-3600
(972) 628-3616 fax

*Counsel for Appellants*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES .......................................................................... ii

INTRODUCTION ........................................................................................... 1

LEGAL STANDARD ..................................................................................... 3

REASONS TO STAY THE MANDATE ....................................................... 3

I. Appellants' Petition Will Present a Substantial Question. ........... 4

II. There Is Good Cause to Stay the Mandate. .................................. 8

CONCLUSION .............................................................................................. 11

CERTIFICATE OF SERVICE ...................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Batzel v. Smith,*
  333 F.3d 1018 (9th Cir. 2003) ......................................................... 1, 4

*Behrens v. Pelletier,*
  516 U.S. 299 (1996) ............................................................................. 2

*Bryant v. Ford Motor Co.,*
  886 F.2d 1526 (9th Cir. 1989) ............................................................. 3

*Chinaryan v. City of Los Angeles,*
  122 F.4th 823 (9th Cir. 2024) .............................................................. 9

*Cohen v. Beneficial Indus. Loan Corp.,*
  337 U.S. 541 (1949) ............................................................................. 4

*Coinbase, Inc. v. Bielski,*
  599 U.S. 736 (2023) ........................................................................... 10

*Coomer v. Make Your Life Epic LLC,*
  98 F.4th 1320 (10th Cir. 2024) ............................................................ 1

*DC Comics v. Pac. Pictures Corp.,*
  706 F.3d 1009 (9th Cir. 2013) ............................................................. 1

*In re Dep't of Commerce,*
  586 U.S. 956 (2018) ............................................................................. 9

*Ernst v. Carrigan,*
  814 F.3d 116 (2d Cir. 2016) ................................................................ 2

*Franchini v. Investor's Bus. Daily, Inc.,*
  981 F.3d 1 (1st Cir. 2020) .......................................................... 1, 5, 6

*Garrison v. Hudson,*
  468 U.S. 1301 (1984) ........................................................................... 9

*Godin v. Schencks*,
    629 F.3d 79 (1st Cir. 2010) ................................................................... 5

*Gopher Media LLC v. Melone*,
    No. 24-2626, __ F.4th __, 2025 WL 2858761 (9th Cir. Oct.
    9, 2025) ............................................................................................ 1, 10

*Hamm v. Sockwell*,
    No. 25A347, 2025 WL 2846769 (U.S. Oct. 8, 2025) ............................. 9

*Henry v. Lake Charles Am. Press, L.L.C.*,
    566 F.3d 164 (5th Cir. 2009) ......................................................... 1, 6, 7

*Liberty Synergistics Inc. v. Microflo Ltd.*,
    718 F.3d 138 (2d Cir. 2013) ............................................................. 1, 6

*McSurely v. McClellan*,
    697 F.2d 309 (D.C. Cir. 1982) ............................................................ 10

*Nat'l Socialist Pty. of Am. v. Vill. of Skokie*,
    432 U.S. 43 (1977) ............................................................................ 2, 8

*NJ Transit Corp. v. Colt*,
    No. 24-1113, 2025 WL 2680660 (U.S. Sept. 19, 2025) ...................... 10

*Plumhoff v. Rickard*,
    572 U.S. 765 (2014) ........................................................................... 2, 7

*Schwern v. Plunkett*,
    845 F.3d 1241 (9th Cir. 2017) .............................................................. 1

*United States v. Pete*,
    525 F.3d 844 (9th Cir. 2008) ................................................................ 3

*Varian Med. Sys., Inc. v. Delfino*,
    106 P.3d 958 (Cal. 2005) ...................................................... 2, 4, 8, 10

*Will v. Hallock*,
    546 U.S. 345 (2006) ............................................................... 2, 4-5, 8

iv

**Other Authorities**

Fed. R. App. P. 41(d)(1) ................................................................... 1, 3, 8

Ninth Circuit Rule 41-1 ............................................................................ 1

Sup. Ct. R. 10(a) ...................................................................................... 3

## INTRODUCTION

Pursuant to Rule 41(d) of Federal Rules of Appellate Procedure and Ninth Circuit Rule 41-1,[1] Appellants Gopher Media LLC and Ajay Thakore respectfully move this Court to stay issuance of the mandate pending the filing and disposition of a timely petition for a writ of certiorari with the Supreme Court of the United States. A stay is warranted because Appellants' petition for a writ of certiorari will raise a substantial question that has divided the circuits: whether the denial of a state-conferred statutory right to avoid trial qualifies for immediate appealability under the collateral order doctrine.

This Court, sitting en banc, overruled twenty years of its own precedent[2] and created an even 3-3 circuit split.[3] The reasoning underlying

---

[1] Unless otherwise indicated, all quoted emphasis is added, and all quoted internal alterations and quotations, footnotes, and citations are omitted.

[2] *See Gopher Media LLC v. Melone*, No. 24-2626, __ F.4th __, 2025 WL 2858761, at *1 (9th Cir. Oct. 9, 2025) (overturning *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003)).

[3] The former majority upholding immediate appealability comprised the First Circuit in *Franchini v. Investor's Bus. Daily, Inc.*, 981 F.3d 1, 8 n.6 (1st Cir. 2020), the Second Circuit in *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 156 (2d Cir. 2013), and the Fifth Circuit in *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 181 (5th Cir. 2009), along with this Court's multiple decisions in *Schwern v. Plunkett*, 845 F.3d 1241, 1244-45 (9th Cir. 2017), *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1012-16 (9th Cir. 2013), and *Batzel*, 333 F.3d at 1025-26. The former minority was represented by the Tenth Circuit in *Coomer v. Make Your Life Epic LLC*, 98 F.4th 1320, 1328 (10th Cir. 2024), and the

this abrupt course reversal is also in significant tension with the Supreme Court collateral-order jurisprudence upholding immediate appealability for important rights such as the right to be free from trial, which is the state-conferred statutory right at issue here. *See Plumhoff v. Rickard*, 572 U.S. 765, 772-73 (2014) (legal issue of the right to avoid trial is separate from the merits where "analyzing the totality of the circumstances" to determine "whether a constitutional right would have been violated on the facts alleged"); *Behrens v. Pelletier*, 516 U.S. 299, 309 n.3 (1996) (legal issue of the right to avoid trial is "conceptually distinct from the merits of the plaintiff's claim"); *see also Will v. Hallock*, 546 U.S. 345, 353 (2006) (legal issue of entitlement to avoid trial, where denial of such a right "imperil[s] a substantial public interest," . . . is effectively unreviewable if review is to be left until later").

Moreover, since the state-conferred statutory right to be free from trial here arises in connection with one's "right of petition or free speech under the United States or California Constitution[,]"[4] the Court's decision is also in tension with longstanding Supreme Court precedent holding that "rights protected by the First Amendment" are too important to be "deprive[d] … during the period of appellate review [] in the normal course." *Nat'l Socialist Pty. of Am. v. Vill. of Skokie*, 432 U.S. 43, 44

---

Second Circuit in *Ernst v. Carrigan*, 814 F.3d 116, 117-18 (2d Cir. 2016) (creating an intra-circuit split on the issue).

[4] *Varian Med. Sys., Inc. v. Delfino*, 106 P.3d 958, 966 (Cal. 2005).

(1977). The issue thus presents legitimate grounds for Supreme Court review. Sup. Ct. R. 10(a) (certiorari warranted where "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter").

Absent a stay, the mandate will issue on October 16, 2025, and the case will likely proceed to trial within months, thereby mooting any Supreme Court review of an asserted right to avoid trial. To protect the Supreme Court's jurisdiction, this Court should stay the mandate pending the filing and disposition of a timely petition for a writ of certiorari.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 41(d) permits the Court to stay the issuance of the mandate pending the filing and disposition of a petition for a writ of certiorari upon the applicant's showing "that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). The Court's standard for granting such a stay is lenient. The Court "often" stays the mandate pending certiorari, as parties "need not demonstrate that exceptional circumstances justify a stay." *United States v. Pete*, 525 F.3d 844, 851 & n.9 (9th Cir. 2008) (quoting *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528–29 (9th Cir. 1989)).

## REASONS TO STAY THE MANDATE

This case presents a substantial question for potential review by

3

the Supreme Court. The Court's decision has now deepened a circuit split on the issue of whether denials of state-conferred statutory rights to be free from trial for claims arising from defendant's exercise of her rights to petition or free speech. Without a stay, this case will likely proceed to trial swiftly, thus depriving the Supreme Court of jurisdiction to review the precise question presented. Accordingly, this case presents a paradigmatic example of an issue requiring this Court to stay its mandate.

## I. Appellants' Petition Will Present a Substantial Question.

Until the Court's decision in this case, a majority of circuits upheld appealability of denials of state-created anti-SLAPP rights under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 551, 555 (1949), which upheld appealability of denials of similar state-created rights. The right at issue here, according to the latest statement by California Supreme Court, it is "a right not to be dragged through the courts" and "against the harassment and burdens of litigation." *Varian*, 106 P.3d at 966. Under the Supreme Court's collateral-order jurisprudence, these state-conferred rights are "too *important* to be denied review and too *independent* of the cause itself to require that appellate consideration be deferred." *Cohen*, 337 U.S. at 551 & 555. If denied without immediate review, these "rights conferred by the statute" are "lost . . . irreparably," *Cohen*, 337 U.S. at 546, and no comparable federal right exists to "protect speakers from the trial itself rather than merely from liability." *Batzel*, 33 F.3d at 1025. "[T]he only way to alleviate these consequences . . . [is] by collateral

4

order appeal." *Will v. Hallock*, 546 U.S. 345, 352 (2006).

The former majority view upholding appealability was supported by four circuits, including this Court. The First Circuit in *Franchini*, 981 F.3d at 8 n.6, reasoned that "[t]he more persuasive authority from other circuits . . . permits interlocutory appeals" of SLAPP denials. *Id.* (cataloguing seven decisions from three other circuits, including this Court). Reaffirming its reasoning in *Godin v. Schencks*, 629 F.3d 79, 84 (1st Cir. 2010), the First Circuit reasoned that:

(1) SLAPP rulings are conclusive as to the "disputed question"—that is, denial of statutory protection, *Francini*, 981 F.3d at 7;

(2) the legal issues were distinct from the merits and would not reappear in any final decision because the elements of statutory protection are different from the liability elements, *see id.*;

(3) the decision concerns "an important issue of law . . . [that is] weightier than the societal interests advanced by the ordinary operation of final judgment principles" because the statute "create[s] a substantive right against meritless lawsuits brought with the intention of chilling or deterring the free exercise of the defendant's First Amendment right to petition the government[,]" *id.*; and

(4) the decision is "effectively unreviewable on appeal from a final order" because the statutory right is destroyed if defendant "must go through the time and expense of fully litigating this matter before it can address the anti-SLAPP issue," as this is "the very harm the statute

5

seeks to avoid, and would result in a loss of defendants' substantial rights." *Id.*

In turn, the Second Circuit in *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138 (2d Cir. 2013)—dealing with the same California SLAPP statute at issue here—arrived at similar conclusions by holding that SLAPP denials were immediately appealable because, among other things:

(1) the "critical" part of the SLAPP "inquiry is assessing whether the essence of the claimed right is either a right not to stand trial, or a right not to face the other burdens of litigation," and a denial of such rights under the California anti-SLAPP statute "conclusively determines the disputed issue by ensuring that the defendant must bear the burdens of discovery[,]" *id.* at 147-48;

(2) the anti-SLAPP rule is designed to "protect the defendant from the burdens of trial, and thus "even if the defendants could obtain relief in a later appeal regarding some aspects of California's anti-SLAPP rule (under the fee-shifting provisions, for instance), the denial of pre-trial protections would be unreviewable on appeal from a final judgment of a district court[,]" which, coupled with "the substantial public interest in safeguarding constitutionally protected activities" pursued by the statute, qualifies the decision as unreviewable collateral order under *Cohen*, *id.* at 150-51.

The Fifth Circuit in *Henry v. Lake Charles Am. Press, L.L.C.*, 566

F.3d 164, 181 (5th Cir. 2009), similarly concurred in these findings by holding that SLAPP orders are immediately appealable because:

(1) such an order is "conclusive as to whether [the statute] mandates dismissal of the suit[,]" *id.* at 174;

(2) it is also "not a ruling on the ultimate merits; it is merely tangential to the merits" because the inquiry is not "whether the plaintiff has proved her claim, but whether she has shown a sufficient probability of being able to prove her claim[,]" and "the minor possibility of minimal entanglement is insufficient to overcome the interests that favor a finding of immediate appealability[,]" *id.* at 176-77; and

(3) further, it is unreviewable after the final judgment because "[t]he purpose of [the statute] is to free defendants from the burden and expense of litigation that has the purpose or effect of chilling the exercise of First Amendment rights[,]" and the statute "thus provides a right not to stand trial, as avoiding the costs of trial is the very purpose of the statute[,]" which is necessarily "destroyed" if the case proceeds to trial, *id.* at 178.

Finally, a stay is also warranted because the Supreme Court has not yet addressed this recurring and important issue, and the approach followed by the Court is in clear tension with the Supreme Court's collateral-order precedent dealing with appealability of important rights, such as the state statutorily-conferred right to be free from trial here. *See Plumhoff*, 572 U.S. at 772-73 (legal issue of the right to avoid trial is

separate from the merits where "analyzing the totality of the circumstances" to determine "whether a constitutional right would have been violated on the facts alleged"); *Behrens*, 516 U.S. at 309 n.3 (legal issue of the right to avoid trial is "conceptually distinct from the merits of the plaintiff's claim"); *see also Will*, 546 U.S. at 353 (2006) (legal issue of entitlement to avoid trial, where denial of such a right "imperil[s] a substantial public interest," . . . is effectively unreviewable if review is to be left until later"). It is further in tension with longstanding Supreme Court precedent holding that "rights protected by the First Amendment" are too important to be "deprive[d] … during the period of appellate review [] in the normal course." *Nat'l Socialist Pty.*, 432 U.S. at 44; *see also Varian*, 106 P.3d at 966 (confirming that California SLAPP rights to be free from trial are designed to amplify one's "right of petition or free speech under the United States or California Constitution").

Because the position of this Circuit creates an even 3-3 split with the decisions of other courts of appeals and is arguably in tension with the Supreme Court's *Cohen* jurisprudence, Appellants' petition will present a substantial question worthy of Supreme Court review.

## II. There Is Good Cause to Stay the Mandate.

There is also "good cause for a stay" here. Fed. R. App. P. 41(d)(1). Before appeal was taken in this case, it was two months away from

8

proceeding to trial. 2-ER-55.[5] If the mandate issues, the claims will likely proceed to trial before the Supreme Court adjudicates Appellants' petition for certiorari concerning an asserted right to avoid trial. A stay is therefore necessary to protect the Supreme Court's jurisdiction. This alone supplies the necessary good cause. *See Garrison v. Hudson*, 468 U.S. 1301, 1302 (1984) (granting stay to stop a trial below pending resolution of a petition for certiorari because "[w]hen, as in this case, the normal course of appellate review might otherwise cause the case to become moot, issuance of a stay is warranted"); *see also In re Dep't of Commerce*, 586 U.S. 956, 958-59 (2018) (Gorsuch, J., concurring in part) ("where trial is imminent[,]" "the need to protect the very review we invite" justifies a stay "[t]o insure that the Court's offer of prompt review is not made meaningless"); *Chinaryan v. City of Los Angeles*, 122 F.4th 823, 825 (9th Cir. 2024) (suggesting that where the case will proceed to trial before the Supreme Court can assert jurisdiction, the proper remedy in the first instance is to seek a stay of mandate from this Court); *cf. Hamm v. Sockwell*, No. 25A347, 2025 WL 2846769, at *1 (U.S. Oct. 8, 2025) (a stay would be warranted "if a new trial is imminent").

Additionally, absent a stay of mandate, Appellants will effectively

---

[5] This was through no fault of Appellants. As Appellants showed, this was due to Respondents' decision to amend their complaint with new SLAPPable claims two years after they filed their original claims. 6-ER-1250.

9

lose their state-conferred "substantive" rights[6] "not to be dragged through the courts" and "against the harassment and burdens of litigation." *Varian*, 106 P.3d at 966. With a loss of such a right, "[a] showing of irreparable injury will generally be automatic . . .[,] [and] injury to others caused by a delay of trial normally will be subsidiary to the overarching interest in preserving the immunity [rights]." *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982); *see also NJ Transit Corp. v. Colt*, No. 24-1113, 2025 WL 2680660, at *1 (U.S. Sept. 19, 2025) (granting stay of trial where defendant's sovereign immunity was under review); *cf. Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) ("[I]t makes no sense for trial to go forward while [an appellate court] cogitates on whether there should be one."). The record does not indicate Respondents would be prejudiced by a temporary stay. Regardless, the potential irreparable harm to Appellants outweighs any potential harm to Respondents or the public, and the balance of equities favors granting a stay.

---

[6] *Gopher Media*, 2025 WL 2858761, at *6 (Bennett, J., joined by Callahan, J., concurring).

## CONCLUSION

This Court should stay issuance of the mandate pending the filing and disposition of a timely petition for a writ of certiorari.

Respectfully submitted,

/s/ *Marina Bogorad*

**MUNCK WILSON MANDALA LLP**
ANTON "TONY" HANDAL (SBN 113812)
thandal@munckwilson.com
MARINA BOGORAD (SBN 217524)
mbogorad@munckwilson.com
1925 Century Park East, St. 2300
Los Angeles, California 90067
(310) 855-3311
(972) 628-3616 fax

**MUNCK WILSON MANDALA LLP**
CHASE A. COBERN (SBN 24101633)
ccobern@munckwilson.com
1900 Texas Capital Center
2000 McKinney Avenue
Dallas, Texas 75251
(972) 628-3600
(972) 628-3616 fax

*Counsel for Appellants*

October 14, 2025

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 2,487 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii). This motion complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced font in 14-point Century Schoolbook type.

Dated: October 14, 2024

/s/ *Marina Bogorad*
Marina Bogorad

## CERTIFICATE OF SERVICE

**[Case No. 24-2626]**

I certify that on October 14, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system.

I certify that each party in the case is represented by counsel who are registered ACMS users and will be served by the ACMS system.

Dated: October 14, 2024

/s/ *Marina Bogorad*

13